IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Norman J. O'Donnell,  ) | Civil Action No.: 6:05-112-RBH |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | **O R D E R** |
| ) | |
| Zhenyi Wang and Pet's Claw,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

    This matter is before the court by way of plaintiff's Rule 55 motion for a default judgment in this patent infringement case. I have carefully considered the submissions of the plaintiff and find that defendants were properly served with the Summons and Complaint and, further find that defendants have failed to answer the Complaint or oppose the instant motion despite receiving notice of same.

    Plaintiff's motion seeks treble damages and attorney's fees. Treble damages may be awarded in the discretion of the court. 35 U.S.C. § 284. Likewise, attorney's fees may be awarded in the event the court determines the infringement action is an exceptional case. 35 U.S.C. § 285. Here, the defendants are in default and therefore, they have admitted a willful and deliberate infringement as alleged in the complaint. Thus, for the following reasons the court finds treble damages and some award of attorney's fees is justified.

    With regard to attorney's fees, the court has been provided with two affidavits of plaintiff's attorneys setting forth the total amount of attorney's fees (one indicating $13,576.50 in attorney's fees and costs of $285.95, and another indicating $16,846.45 for attorney's fees and costs). While the second affidavit of one of plaintiff's attorneys does explain the work done, it fails to explain the hourly rate, the number of hours worked, any itemization of the work performed and hours devoted to such, how much was devoted to paralegal time, and the work done pre-suit versus post suit.

    The court finds that Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.02 (D.S.C.) are on point and apply to the request for attorney's fees and the requirements of counsel in requesting fees and costs. Local Rule 54.02 (D.S.C.) states that "[a]ny petition for attorney's fees shall

comply with the requirements set forth in <u>Barber v. Kimbrell's Inc.</u>, 577 F.2d 216 (4th Cir. 1978)...."

Thus, this court must consider the <u>Barber</u> factors in making a determination of reasonable attorney's fees. The first factor requires consideration of the time and labor expended. In this case, while the court in unclear of the exact number of hours spent by counsel, the affidavit indicates significant time was spent rendering the opinion as to infringement which is consistent with the median charges in the field of patent law. The second factor considered is the novelty and difficulty of the questions raised. Likewise, the third factor is the skill required to properly perform the legal services rendered. In this case, with regard to both the second and third factors, the court notes that patent law is a recognized specialty in intellectual property law and counsel is recognized in this area of expertise. The fourth factor is the attorney's opportunity costs in pressing the instant litigation. On that note, this court is unaware of any lost opportunity of counsel. The fifth factor is the customary fee for like work. The court has reviewed the attorneys' affidavits and attachment of the survey by the American Intellectual Property Law Association and considers the average fee of $10,000.00 reasonable. The sixth factor is the  attorney's expectations at the outset of the litigation. The court is unaware of the attorney's expectations at the outset of the litigation other than the fact that significant preliminary work had to be done to first verify the infringement. The seventh factor is the time limitations imposed. The court is unaware of any time limitation imposed. The eighth factor is the amount in controversy and the results obtained. With regard to this factor, the court notes that the number of infringing items sold was low, resulting in an actual loss of only $420.00. The court is trebling that amount and awarding damages of $1,260.00, as well as enjoining the defendants from further infringement. The ninth factor is the experience and reputation of counsel. The court notes the reputation of Attorney John Hardaway, III, as an experienced patent lawyer. The tenth factor is the undesirability of the case. The court notes that due to the small amount of the actual damages, this case could be deemed undesirable by members of the legal community. The eleventh factor is the nature and length of attorney-client relationship. According to information provided to the court, the relationship spanned over a year and involved research regarding an opinion as to infringement, numerous correspondence, and ultimately suit being filed. The twelfth and final factor is the attorney's fees award in similar cases. The court finds that

attorney's fees have been awarded in other infringement cases where the defendant was in default. See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022-23 (9th Cir. 2002).

The court finds that the attorneys' affidavits in this case are an attempt to comply with Local Rule 54.02 (D.S.C.) and the factors listed in Barber. The court notes that according to the second affidavit of counsel, $10,000 is the median charge for an opinion regarding the "infringement/non-infringement only opinion per patent." This amount is supported by the attached 2005 survey conducted by the American Intellectual Property Law Association. Counsel has advised the court that most of the requested attorney's fees were for the preliminary work involved in the formal opinion.

As noted above, the defendants are in default and therefore, the allegations that their activities of infringement were willful and deliberate are deemed admitted. This is one factor to be considered in determining whether the case is "exceptional," so as to award attorney fees under 35 U.S.C. § 285. Moreover, the deliberate and willful actions of the defendants by itself may constitute a sufficient basis for finding a case "exceptional" under the statute. See Knorr-Bremse v. Dana Corp., 372 F.Supp.2d 833 (E.D.VA. 2005).

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Clerk of Court is directed to enter default against defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure. Additionally, the plaintiff's motion for default judgment is hereby **GRANTED** and thus, the plaintiff is entitled to a default judgment against the defendants.

Based on the above, the court finds that this constitutes an exceptional case warranting some award of attorney fees and costs in addition to trebling the actual damages of $420.00. Default judgment is hereby **ORDERED** as follows:

The plaintiff is hereby awarded $10,000.00 in attorney's fees and costs, plus $1,260.00 as treble damages. The total judgment amount is $11,260.00. The court also affirms the validity of plaintiff's Patent No. 5,551,373 and enjoins the defendants from further infringement.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell  
                                        R. Bryan Harwell  
                                        United States District Judge

Florence, South Carolina  
February 14, 2006